IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:20-26-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Edgar Adan Licea, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Edgar Adan Licea's ("Licea") motion for compassionate release. For the reasons set forth below, the court denies Licea's motion for compassionate release because he has failed to show extraordinary and compelling reasons to reduce his sentence and the factors under 18 U.S.C. § 3553(a) do not support a reduction in this case.

On June 24, 2020, Licea pleaded guilty to one count of conspiring to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Licea was sentenced to 120 months' imprisonment on April 20, 2021, to run consecutively to his supervised-release revocation sentence of 33 months' imprisonment, imposed in the Northern District of Georgia. Licea's supervised release for his prior conviction for conspiracy to possess with intent to distribute at least five kilograms of cocaine and/or 1,000 kilograms of marijuana was revoked based on the new criminal conduct in the instant case. Thus, Licea is serving a total sentence of 153 months' imprisonment. Licea filed the instant motion for compassionate release on March 30, 2023. (Mot. Compassionate Release, ECF No. 247.) The court ordered the Government to respond to the motion. After receiving a brief

1

extension, the Government filed a response on May 19, 2023. (Gov't Resp., ECF No. 255.) This matter is now ripe for review.

In his compassionate release motion, Licea argues that he has shown extraordinary and compelling reasons to reduce his sentence because he is no longer a career offender. (Mot. Compassionate Release 9-10, ECF No. 247.) However, this argument is without merit because he was not sentenced as a career offender. (PSR, generally.) Thus, there is no basis to reduce his sentence on this ground.

Next, Licea asserts that his family circumstances present extraordinary and compelling reasons because his wife has been deported and he is the most suitable caregiver for his minor children. (Mot. Compassionate Release 1, ECF No. 247.)

Although not controlling as to prisoner-filed motions, the Sentencing Commission's policy statement contained in United States Sentencing Guideline ("U.S.S.G.") § 1B1.13 provides "helpful guidance." United States v. McCoy, 981 F.3d 271, 282 & n.7 (4th Cir. 2020). It states that extraordinary and compelling reasons exist based on family circumstances in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, Application Note 1(C).

A review of the documentation provided by Licea does not establish that the mother of Licea's children has been deported or that he is the only suitable caregiver for his children. Licea submits that his children are currently being cared for by their maternal grandparents. (Mot. Compassionate Release 4-5, ECF No. 267.) "Courts generally deny compassionate release when another suitable caregiver is available for the defendant's child." United States v. Barlow, No. 7:19-CR-00024-4, 2023 WL 2755598, at *3 (W.D. Va. Mar. 31, 2023)

2

(unpublished) (collecting cases). However, Licea argues that they are elderly and incapable of caring for the children, including one child with special needs. (Mot. Compassionate Release 4-5, 8-9, ECF No. 267.) After Licea submitted a request for compassionate release to the Bureau of Prisons ("BOP"), the BOP did not deny his request, but requested additional information. (Gov't Resp. 5-6, ECF No. 255; Gov't Resp. Ex. B (Licea More Info. Req.), ECF No. 255-2.) As the Government points out in its response, Licea failed to submit the requested documentation to the BOP to allow a full investigation into this issue. (Id., ECF No. 255.) The court is sympathetic to Licea's desire to care for his children. However, based on the record before the court at this time, the court finds that Licea has failed to establish extraordinary and compelling reasons to warrant a reduction in his sentence based on family circumstances.

Further, even if Licea had presented evidence of extraordinary and compelling reasons to reduce his sentence, the court has considered the factors under 18 U.S.C. § 3553(a)[1] and finds

---

[1] The § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
  (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under

that the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense to promote respect for the law do not support a reduction in this case. Licea has served just over 25% of his total sentence in the instant case, in which he was a leader in a serious drug conspiracy involving large quantities of drugs and money. (PSR ¶¶ 98-99, 122.) Weapons were also utilized in furtherance of the conspiracy. (Id.)

In addition, Licea has a serious prior federal drug conviction for conspiracy to distribute cocaine and marijuana. (Id. ¶ 128.) He was sentenced to 141 months' imprisonment for that conviction and was released to supervision on November 2, 2015. Licea participated in the drug conspiracy in the instant case while he was on supervised release for his prior drug conspiracy conviction. Licea's first conviction and significant term of imprisonment did not deter him from returning to the same criminal conduct after his release.

In addition, Licea has incurred two disciplinary infractions during this incarceration, including violations for refusing to obey an order and being insolent to a staff member. (Gov't

---

                        section 994(p) of title 28); and
        (ii)    that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .
(5)    any pertinent policy statement--
        (A)    issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (B)    that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)    the need to provide restitution to any victims of the offense.

Resp. Ex. E (Disciplinary Records), ECF No. 255-5.) Although his disciplinary infractions are not extremely serious, they are not insignificant. The court recognizes that Licea expresses remorse for his crimes and that he has availed himself of drug programs during his incarceration. (Mot. Compassionate Release 4, ECF No. 247.) However, as set forth above, Licea's history of criminal activity and the fact that Licea has served only a fraction of his sentence do not support a reduction in his sentence. Having considered the § 3553(a) factors, the court finds that the existing 120-month sentence in this case promotes respect for the law, deters crime, protects the public, and is "sufficient, but not greater than necessary," to achieve the statutory goals of sentencing. Based on the foregoing and the record in this case, the court denies Licea's motion for compassionate release.

It is therefore

**ORDERED** that Licea's motion for compassionate release, docket number 247, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 30, 2023

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.